United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 23-12680-pmm |
| Jamar Leroy Henderson | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Apr 30, 2024 | Form ID: pdf900 | Total Noticed: 5 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 02, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | | Jamar Leroy Henderson, 5049 N 16th St, Philadelphia, PA 19141-2240 |
| cr | + | Deutche Bank National Trust, Resurgent Capital Services, PO Box 10368, Greenville, SC 29603, UNITED STATES 29603-0368 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | | Email/Text: megan.harper@phila.gov | Apr 30 2024 23:54:00 | City of Philadelphia, City of Philadelphia Law Dept., Tax Unit/Bankruptcy Dept, 1515 Arch Street 15th Floor, Philadelphia, PA 19102-1595 |
| smg | | Email/Text: RVSVCBICNOTICE1@state.pa.us | Apr 30 2024 23:54:00 | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |
| cr | + | Email/Text: BKEBN-Notifications@ocwen.com | Apr 30 2024 23:54:00 | HSBC Bank USA, National Association, as Trustee fo, 1661 Worthington Rd., Ste. 100, West Palm Beach, FL 33409-6493 |

TOTAL: 3

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: May 02, 2024 | Signature: | /s/Gustava Winters |

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 30, 2024 at the address(es) listed below:

**Name                Email Address**

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 2 of 2 |
| Date Rcvd: Apr 30, 2024 | Form ID: pdf900 | Total Noticed: 5 |

ADAM BRADLEY HALL
    on behalf of Creditor Ajax Mortgage Loan Trust 2021-B amps@manleydeas.com

ANDREW L. SPIVACK
    on behalf of Creditor HSBC Bank USA National Association, as Trustee for ACE Securities Corp. Home Equity Loan Trust, Ser andrew.spivack@brockandscott.com, wbecf@brockandscott.com

KENNETH E. WEST
    ecfemails@ph13trustee.com philaecf@gmail.com

KENNETH E. WEST
    on behalf of Trustee KENNETH E. WEST ecfemails@ph13trustee.com philaecf@gmail.com

MICHAEL A. CIBIK
    on behalf of Debtor Jamar Leroy Henderson help@cibiklaw.com
    noreply01@cibiklaw.com;noreply02@cibiklaw.com;noreply03@cibiklaw.com;noreply04@cibiklaw.com;noreply05@cibiklaw.com;cibiklawpc@jubileebk.net;cibiklaw@recap.email;ecf@casedriver.com

United States Trustee
    USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 6

-1-

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: Jamar Leroy Henderson, | : | Chapter 13 |
| | : | |
| | : | |
| Debtor. | : | Bky. No. 23-12680 (PMM) |

## O R D E R

**AND NOW**, upon consideration of the Application for Compensation (doc. #44, supplemented at doc. #49, "the Application") filed by Michael A. Cibik, Esquire ("the Applicant"), counsel to the Debtor, in which the Applicant requests the allowance of compensation in the amount of **$4,450.00** for legal services provided to the Debtor;

**AND** this bankruptcy case having been dismissed on March 26, 2024,

**AND**, upon the Applicant's certification that proper service has been made on all interested parties,

**AND**, upon the Applicant's certification of no response,

**AND**, the Court of Appeals having held that the bankruptcy court "has a *duty* to review fee applications, notwithstanding the absence of objections by the United States trustee . . ., creditors, or any other interested party, a duty which  . . .  derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest," In re Busy Beaver Bldg. Centers, Inc., 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original),

**AND**, the Court of Appeals also having instructed that the bankruptcy courts should not "become enmeshed in a meticulous analysis of every detailed facet of the professional

-2-

representation [to the point] that the inquiry into the adequacy of the fee assume[s] massive proportions, perhaps even dwarfing the case in chief,"[1]

**AND**, in reviewing the time records submitted by the Applicant and the services provided in this case, the court concluding that a reduction in the allowed compensation is appropriate,[2]

It is hereby **ORDERED** that:

1. The Application is **GRANTED IN PART AND DENIED IN PART.**

2. Compensation is allowed in favor of the Applicant in the amount of **$3,750.00**. Counsel was paid $1,750.00 of this amount prior to the bankruptcy filing. See also L.B.R. 2016-1(h) (governing procedure for disposition of fee applications without a hearing).

---

[1] Busy Beaver, 19 F.3d at 845 (quoting Lindy Bros. Builders, Inc. v. American Radiator & Std. Sanitary Corp., 540 F.2d 102, 116 (3d Cir. 1976 (en banc)).

[2] After reviewing the time records and case docket, I am unpersuaded that a fee of $4,450.00 is a reasonable amount to charge for representation of the interests of the Debtor.

First, the supplemental time records, which purport to detail how such a fee was reached, provide neither hourly rates for Counsel, the dates for the services provided, nor the total value of the amount of time spent.

Second, the time stated in the supplemental time records appears to be an unreasonable amount for the stated work. Counsel charges at least an hour for nearly every task and communication and charges two (2) hours to represent the Debtor in a motion for relief hearing. Counsel also states a total of four and a half (4 ½) hours for preparation of the schedules and chapter 13 plan. It is unlikely that these tasks took that amount of time.

I have therefore reduced Counsel's fee by $700.00, to a fee of $3,750.00. Such an approach permits the court to avoid becoming enmeshed in a fee application process that is overly cumbersome or disproportionate given the size of this case and the stakes involved. See Green Valley Beer, 281 B.R. at 259; In re In re Adventist Living, 137 B.R. 701 (Bankr. N.D. Ill. 1991). See generally Busy Beaver, 19 F.3d at 845 ("Because its time is precious, the reviewing court need only correct reasonably discernible abuses, not pin down to the nearest dollar the precise fee to which the professional is ideally entitled").

-3-

3. The Chapter 13 Trustee is authorized to distribute to the Applicant the allowed compensation ($3,750.00) less the $1,750.00 which was paid by the Debtor prepetition (for a **remaining amount due of $2,000.00**), as an administrative expense pursuant to 11 U.S.C. §1326(b), 11 U.S.C. §507, 11 U.S.C. §503(b) and 11 U.S.C. §330(a)(4)(B).

4. Cause exists within the meaning of 11 U.S.C. §349(b)(3) and the Trustee is directed to distribute the funds in his possession derived from the pre-confirmation chapter 13 plan payments of the Debtor(s) to pay the allowed compensation.

**Date: April 30, 2024**

**PATRICIA M. MAYER**
**U.S. BANKRUPTCY JUDGE**